IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RAYMOND D. HARDY,                                                                                           PLAINTIFF
#11889-06

v.                                         4:08CV00064JLH/HLJ

WILLARD PROCTOR, JR., et al.                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

1

> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff is an inmate incarcerated at the Pulaski County Detention Facility. He filed this action pursuant to 42 U.S.C. § 1983 against defendants, based on criminal charges pending against him in state court. Defendants are Pulaski County Circuit Judge Willard Proctor, Jr., Deputy Public Defender Sharon Kiel, and Prosecuting Attorney Larry Jegley. Plaintiff asks for release from incarceration and monetary relief.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim. The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989). In addition, a complaint or portion thereof should only

be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed based on immunity and for failure to state a claim.   In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  However, with respect to Judge Proctor, judges who are sued under § 1983 are immune from liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 356-7 reh'g denied, 436 U.S. 951 (1978).  In Stump, the Court further explained that a judicial act is a function normally performed by a judge and when the parties are dealing with the judge in his judicial capacity.  Id.  In this case, plaintiff's allegations against defendant Proctor deal with judicial acts which occurred during a judicial proceeding of which the plaintiff was a part.   Therefore, the Court finds plaintiff's allegations against defendant Proctor should be dismissed.

Similarly, defendant Jegley also is immune from liability for monetary relief in this case. "Prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process."  Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993).  Plaintiff's allegations against defendant Jegley concern actions of his employees in requesting a bond in plaintiff's state criminal action.

With respect to defendant Kiel, the Court finds that plaintiff's allegations against her also

should be dismissed, for failure to state a claim. In Polk County v. Dodson, 102 S.Ct. 445, 453 (1981), the United States Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See also Rogers v. Bruntrager, 841 F.2d 853 (8th Cir. 1988).

Finally, to the extent plaintiff is asking the Court to release him from custody, that request also must be dismissed. Plaintiff is challenging the length or duration of his confinement and, if successful, would be entitled to an earlier release from jail. This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). Plaintiff does not indicate in his complaint that such state remedies have been pursued. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants be DISMISSED with prejudice for failure to state a claim, and that this dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]

IT IS SO ORDERED this 30th day of January, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[1] This dismissal may be considered as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.